STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2021-18

GABRIEL BODWELL,
          Petitioner

**DECISION AND ORDER**

v.

MAINE BUREAU OF MOTOR
VEHICLES,
          Respondent

The matter before the court is an appeal by the Petitioner from a decision of the Bureau of Motor Vehicles (Bureau) suspending his driver's license for a period of 6 years. Mr. Bodwell contends that the suspension of his license should have been for a period of no more than 3 years. The appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Maine Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this appeal, the facts are not in dispute.

Mr. Bodwell was charged with OUI on or about December 18, 2020. Based on the report of the law enforcement officer, the Bureau sent Mr. Bodwell a "Notice of Suspension and Opportunity for Hearing" informing him that, effective January 24, 2021, his driver's license would be suspended for a period of 6 years pursuant to 29-A M.R.S. §§ 2451(3)(C) and 2453(3) & (6), because he had "3 OUI offenses within a 10-year period." Mr. Bodwell requested an administrative hearing, which was held on April 1, 2021.

Two police officers testified, via telephone, at the hearing, at the conclusion of which the hearing officer found that there was probable cause to believe that Mr.

Bodwell had operated a motor vehicle with an excessive alcohol level on December 18, 2020. (*Administrative Record, "A.R."at 48-50*). Prior to making that ruling, the hearing officer and Mr. Bodwell's counsel discussed whether any suspension, if imposed, would be for 3 years or for 6 years. Counsel pointed out that although Mr. Bodwell's BMV driving record showed a suspension for a refusal to take a test in 2011, there was no criminal conviction. *(AR at Transcript at 43-45; see also AR at Exhibit 8 (3)).* The hearing officer indicated that he was inclined to think it was a 3-year suspension, not a 6-year suspension, because there would have only been two prior OUI offenses, rather than three, but if it were determined to be a 6-year suspension, Mr. Bodwell could contest that determination. The record indicates that the Bureau ultimately concluded that Mr. Bodwell had 3 OUI offenses within a 10-year period and, therefore, was subject to a 6-year suspension. 29-A M.R.S. §§ 2451(3)(C) and 2453(6)(A). Those 3 OUI offenses were, according to the Bureau, the December 2020 OUI offense, an OUI in 2017 and the 2011 suspension for a refusal, all within a 10-year period.

From the administrative record and the pleadings, it appears that in April 2011, Mr. Bodwell had an administrative hearing, following which the hearing officer, in a written decision, ruled that Bodwell had refused a chemical test and was subject to a suspension of his license. Later, in October 2011, the District Court (Mallonee,J.) granted Bodwell's motion to suppress in the criminal proceeding, on the basis that the stop of his vehicle was not objectively reasonable. *See Exhibit D to Petition for Review of Final Agency Action.* As a result, there was no criminal conviction in connection with the 2011 OUI, but the administrative suspension for a refusal remained.

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag*

2

*Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy*, 2014 ME 82, ¶ 11, 95 A.3d 612.

Title 29-A M.R.S. § 2453(3) requires the Secretary of State to "immediately suspend a license of a person determined to have operated a motor vehicle with an excessive alcohol level." The length of the suspension is "as if the person were convicted of OUI." 29-A M.R.S. § 2453(6). Thus, the suspension provisions of section 2451(3) apply, namely, 3 years if the person has 2 OUI offenses within a 10-year period, but 6 years if there have been 3 OUI offenses within a 10-year period. An "OUI offense" is defined to mean "an OUI conviction or suspension for failure to submit to a test." 29-A M.R.S. § 2401(11).

The sole issue before the court is whether the Bureau committed legal error in treating the 2011 suspension for a refusal, as the third OUI offense within a 10-year period. Stated otherwise, Bodwell maintains that the Bureau was bound to follow the District Court's ruling in the criminal case and apply the exclusionary rule and/or principles of collateral estoppel in the administrative hearing process, and should not have treated the 2011 OUI as a qualifying offense for purposes of imposing a license suspension under sections 2451(3) and 2453(3) & (6).

3

The court have reviewed the parties' briefs and the entire administrative record, and concludes that the Bureau did not err in treating Mr. Bodwell's 2011 suspension for a refusal as a 3rd offense within a 10-year period so as to require a suspension of 6 years.

Mr. Bodwell's argument that the District Court's ruling in the criminal case in 2011 should have been binding on the Bureau, has already been addressed and rejected by the Law Court in *State v. Powell*, 614 A.3d 1303 (Me. 1992). The facts in *Powell* are very similar to this case. There, the Distrcit Court had found that the vehicle stop lacked reasonable and articulable suspicion and granted the defendant's motion to suppress. The Law Court held that the exclusionary rule did not apply to the suspension process administered by the Secretary of State. Moreover, the Court noted that the disposition in the criminal case did not have *res judicata* or other preclusive effect in the license suspension proceeding. *Id.* at 1306-07, n. 3.

The position adopted in *Powell* appears to be the majority view. *See, e.g., Francen v. Colo. Dep't of Revenue*, 328 P.3d 111, 119, n.7 (Colo. 2014) (collecting cases); *Regula v. Commonwealth*, 146 A3d 836, 845-46 (Pa. Commonwealth Ct., 2016) (collecting cases).

## CONCLUSION

The entry is:

The Petition for Review of Final Agency Action is DENIED and the Decision of the Bureau is AFFIRMED.

DATED: September 13, 2021.

William R. Stokes
Justice, Maine Superior Court

4

Action: 80C

**J. STOKES**

Gabriel Bodwell       vs       State of Maine BMV

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Benjamin P Campo, Jr, Esq<br>Douglas McDaniel & Campo LLC PA<br>90 Bridge St, Suite 100<br>Westbrook, ME 04092 | Donald Macomber, AAG<br>6 State House Station<br>Augusta, ME 04333 |

Date of Entry

| | |
|---|---|
| 05/03/21 | Petition For Review of Final Agency Action Pursuant to Rule 80C, filed. s/Campo, Esq |
| 05/18/21 | Entry of Appearance, filed (5/12/21). s/Macomber, AAG<br>Record to be submitted by 6/2/21 |
| 06/01/21 | Certified Record, filed (5/28/21). s/Macomber, AAG |
| 06/01/21 | Notice & Briefing Schedule, issued<br>Copy to parties/counsel |
| 07/07/21 | Petitioner Brief, filed. s/Campo, Esq. |
| 07/20/21 | Brief of Respondent, filed (7/19/21). s/Macomber, AAG |
| 07/30/21 | Petitioner's Reply Brief, filed (7/29/21). s/Campo, Esq. |
| 09/02/21 | Under advisement with Justice Stokes |
| 09/23/21 | DECISION AND ORDER, Stokes, J. (9/13/21)<br>The Petition for Review of Final Agency Action, is DENIED and the Decision of the<br>The Bureau is AFFIRMED.<br>Copy to counsel/parties and repositories |
| 09/23/21 | Case closed |